UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       Case No. 11-cr-20314

                                                    Paul D. Borman
v.                                                United States District Judge

JOHN BRAVATA and
ANTONIO BRAVATA,

        Defendants.
_____/

### OPINION AND ORDER GRANTING THE GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENDANTS FROM PUBLISHING THEIR OWN PRIOR STATEMENTS TO THE JURY (ECF NO. 172)

This matter is before the Court on the Government's Motion *in Limine* to Preclude Defendants from Publishing Their Own Prior Statements to the Jury. (ECF No. 172.) Defendant John Bravata filed a response (ECF No. 174) and the Government filed a reply (ECF No. 183). The Court heard oral argument on the motion on February 25, 2013. At oral argument, Defendant Antonio Bravata joined in the response and argument of Defendant John Bravata. For the reasons that follow, the Court GRANTS the Government's motion.

As an initial matter, the parties agree that Defendants may introduce into evidence the balance of any recording or video which the Government has introduced in part in its case in chief. It appears that the heart of the dispute is over certain tape recorded telephone conference calls between Defendants and certain investors (none of which has been identified for or produced to the Government) in which allegedly Defendant John Bravata made certain statements to investors other

1

than the Government's witnesses and/or victims identified in the Indictment, regarding investors ability to rescind their investments or to transfer their investments to Phoenix Venture Capital. Defendant John Bravata expects to testify and wishes to play clips from these tape recorded telephone conference calls to bolster his testimony that he made these statements, just, Defendant argues, as the Government was permitted to play clips of certain seminars and sales pitches made by John Bravata to support the testimony of the investor witnesses as to what they heard or were told.

A critically important distinction exists, however, in the non-hearsay nature of such of such statements when offered by the Government against Mr. Bravata and the classic hearsay nature of such statements when they are offered by the Defendant himself. In the former case, the statements are the non-hearsay admissions of a party opponent under Fed. R. Evid. 801(d)(2)(A). When offered by the Defendant, such statements are classic, self-serving inadmissible hearsay. It is well accepted that "a party's own statement is admissible as non-hearsay only if it is offered against that party." *Stalbosky v. Belew*, 205 F.3d 890, 94 (6th Cir. 2000).

While Defendant does not directly contest this rule of evidence, he has articulated no other basis on which these classic self-serving hearsay statements ought to be admitted into evidence. At oral argument, Defendant's counsel argued that certain other statements made by John Bravata in some training videos (again classic hearsay when offered by the party himself) should be admitted into evidence to counter testimony elicited by certain Government witnesses on cross-examination denying that John Bravata had made the statements that allegedly are made in the training videos. But the time for attempting to introduce such statements for the purpose of impeaching those witnesses has now passed. Counsel for Defendant stated at oral argument that she did question these witnesses about these training materials but she "couldn't get them to budge." Even assuming that

2

the defense would have been permitted to utilize extrinsic evidence to impeach the testimony of these witnesses (typically the questioner on cross-examination must take the answer she is given and cannot impeach by extrinsic evidence except on non-collateral matters, *see, e.g.,* 1 McCormick on Evid. § 49 (6th ed. 2009)), the opportunity to do so was during cross-examination of those witnesses, not weeks later in the course of the Defendant's case.

In his responsive brief, Defendant suggested that these tape recorded telephone conversations and training videos (the Court is dealing somewhat hypothetically and in the dark as none of these materials has actually been identified by the Defendant) are admissible under Fed. R. Evid. 106, the Rule of Completeness. Defendant did not press this argument at the hearing and indeed the argument does not merit much discussion.

The Government has agreed not to object to Defendant presenting the balance of any video or recording that the Government did not play in full. The Rule of Completeness requires no more than that on these facts. The Rule of Completeness does not open the door to other recordings or videos, made at different points in time and the Rule of Completeness does not, in any event, trump the rule against hearsay. *See United States v. Holden*, 557 F.3d 698, 706 (6th Cir. 2009) (noting that Rule 106 "'is intended to eliminate the misleading impression created by taking a statement out of context . . . it is not designed to make something admissible that should be excluded'") (quoting *United States v. Costner*, 684 F.2d 370, 373 (6th Cir. 1982); *United States v. Howard*, 216 F. App'x 463, 473 (6th Cir. 2007) (noting that the doctrine of completeness does not "make inadmissible evidence admissible" and finding that "[e]xculpatory hearsay may not come in solely on the basis of completeness") (internal quotation marks and citations omitted).

Defendant's own out-of-court statements are inadmissible hearsay when offered by him to

3

bolster his own testimony, and Defendant has failed to identify any other non-hearsay purpose under which the vaguely-identified tape recorded telephone conversations may be admitted. Additionally, the time to seek to admit extrinsic evidence to impeach the Government's witnesses was during the Government's case, when those witnesses were subject to cross-examination. The Defendant has not articulated any evidentiary basis on which either the tape recorded conference calls or the training videos ought to be admitted into evidence. Accordingly, the Court GRANTS the Government's motion to exclude them.

IT IS SO ORDERED.

Paul D. Borman
United States District Judge

Dated: 2-26-13