UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                            CRIM. CASE NO. 11-20314

v.                                         PAUL D. BORMAN
                                           UNITED STATES DISTRICT JUDGE

JOHN BRAVATA,

      Defendant.
_____/

## ORDER SETTING RESTITUTION FOR
## DEFENDANT JOHN BRAVATA AT $44,533,437.86

On March 27, 2013, after a jury trial, Defendant was convicted of one count of conspiracy to commit mail and wire fraud, and 14 substantive counts of mail and wire fraud. The Presentence Report in this case stated: "Pursuant to 18 U.S.C. §3663A, restitution in the total amount of $44,533,437.86 shall be ordered in this case." (PSR p.17)

On September 23, 2013, this Court held a Sentencing Hearing. On October 15, 2013, this Court held a Restitution Hearing.

Title 18 U.S.C. §3663A, entitled Mandatory Restitution to Victims of Certain Crimes, requires that a defendant make restitution to a victim who has suffered a pecuniary loss.

In advance of the Restitution Hearing, the Government provided to the Court and the Defendant, as Exhibit A to its Memorandum Regarding Restitution, a list of the investors in BBC Equities and the loss sustained by each investor, totaling $44,533,437.86 (ECF No. 286).

Defendant John Bravata's Memorandum Regarding Restitution (ECF No. 287) recognizes that restitution is mandatory in this case. Defendant contends that restitution is

1

limited to victims of the scheme to defraud as defined by the indictment, thus limited to those named in the substantive counts. The Court agrees that restitution is limited to the scheme set forth in the indictment. However, the Court concludes that because the indictment contains a conspiracy count, restitution is not limited to those victims named in the specific substantive counts contained in the indictment, but also includes all victims of Defendant John Bravata's scheme to defraud.

At Defendant's sentencing, the Court made certain specific Sentencing Guideline findings of fact:

> 1. 50 or more victims, Sentencing Guideline §2B1.1(b)(2)(c) Sentencing Transcript, Sept. 23, 2013, p.77.
>
> 2. More than 100 victims' financial security was substantially endangered.

Sentencing Transcript p.85.

In *United States v. Jones*, 641 F.3d 706, 714 (6th Cir. 2011) the United States Court of Appeals for the Sixth Circuit stated its reading of the "statutory definition of 'victim' to allow for restitution for the loss attributable to all the victims of a defendant's scheme to defraud, even when the defendant was not indicted or convicted of fraud with respect to each victim." The *Jones* decision further stated: "When a defendant is convicted by a jury . . . the scope of the scheme is defined by the indictment for purposes of restitution." *Id*.

In this case, the Redacted First Superseding Indictment that was utilized at trial, states in Count I, in pertinent part:

> 1. That John Bravata was a Manager, co-founder, and Chairman of BBC and BFG.
>
> 2. That from 2007 through 2009, BBC and BFG obtained more than $50 million

      from over 400 investors.

      3.  That the conspiracy (Count One) played out from May 2006 through July 2009.

This Court concludes that restitution against Defendant John Bravata in favor of all victims of the scheme set forth in the conspiracy count is proper, even if no substantive count conviction occurred as to each and every victim of the scheme.  Those victims are contained in Government Exhibit A, attached to its Restitution Memorandum.  There has been no challenge to the fact that all of the victims listed in Exhibit A were BBC investors.

Accordingly, the Court finds Defendant John Bravata liable for $44,533,437.86, the amount of loss directly and proximately caused by Defendant John Bravata's conduct.  The Court concludes, by a preponderance of the evidence, that this figure is a reasonable approximation of loss, and is supported by the sound methodology testified to by FBI Special Agent Kelly Suess at the hearing on restitution. Case Agent S.A. Suess authenticated that the chart was prepared by her, that the chart represented the losses of BBC investors, and set forth the facts she utilized in establishing those figures.  Restitution Hearing, October 15, 2013, S.A. Suess Testimony, pp. 20-24, 29-31.

      SO ORDERED.

                                          s/Paul D. Borman  
                                          PAUL D. BORMAN  
                                          UNITED STATES DISTRICT JUDGE

Dated:  November 12, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 12, 2013.

                                            s/Deborah Tofil  
                                            Case Manager