UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 11-cr-20314

                                                  Paul D. Borman
v.                                                  United States District Judge

D-1 JOHN BRAVATA and
D-2 ANTONIO BRAVATA,

        Defendants.
_____/

ORDER DENYING DEFENDANT ANTONIO BRAVATA'S
MOTION FOR RECONSIDERATION (ECF NO. 396)

Before the Court is Defendant Antonio Bravata's Motion for Reconsideration of the Trial Court's Denial of Defendant's Motion for an Indicative Ruling Regarding Defendant's Renewed Rule 33 Motion for New Trial Based on Newly Discovered Evidence. (ECF No. 396.) On March 16, 2015, Defendant John Bravata joined in the motion for reconsideration. (ECF No. 397.) For the reasons that follow, the Court DENIES the motion.

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable,

1

manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided.").

Defendant has failed to identify a clear and unmistakable error in the Court's Opinion and Order of March 2, 2015 Denying Defendant's Motion for an Indicative Ruling Regarding Renewed Rule 33 Motion for New Trial Based on Newly Discovered Evidence (ECF No. 395), the correction of which would change the outcome of the Court's ruling.

Indeed, rather than identify palpable legal or factual error, Defendant's motion for reconsideration contains multiple significant misstatements of fact. First, and most notable is Defendant's statement in paragraph 8 of the motion for reconsideration that Juror #4 did not inform the Court of his illness. (ECF No. 396, Mot. ¶ 8.) As the Court detailed in its prior Opinion and Order, it was Juror #4 himself who indicated to the Court *on the record*, unsolicited, in open Court that he did not think he could make it through the day. (3/2/15 Opinion and Order 9.) Juror #4 indicated on the record at 10:10 a.m. on the 30th day of trial that he was not feeling well and

announced in open court: "I don't know if I'm going to make it all day, Judge." (ECF No. 223, Transcript of Jury Trial, Volume 30, held on 3/14/13 at 33:2-3.) Juror #4 confirmed this in his Affidavit, which was attached to Defendant's motion for an indicative ruling, stating that he arrived for Court on March 14, 2013 "with the flu," that he announced during court proceedings that he needed to take a break and that it is possible that he asked the Court Nurse if he could "take the day off." (ECF No. 379-1, Oct. 14, 2014 Affidavit of Doug Buckler ¶¶ 4, 15.)

Second, and likewise incorrect and highly misleading is the statement at page 8 of Defendant's brief in support of the motion for reconsideration (Defendant failed to number the pages of his filing so this page number is the ECF assigned page number) that "the Trial Court, for the first time, has interjected the role of an "EMT Marshall" [sic]." (ECF No. 396, Br. at 8) (emphasis in original). In fact, the "role of the EMT" was first "interjected" by Juror #4 twice in his Affidavit, which was attached to Defendant's October 30, 2014 renewed motion for a new trial. (ECF No. 379-1, Juror #4 Aff. ¶¶ 8-9.)

The Court explained, in great detail in its prior Opinion and Order denying Defendant's motion for an indicative ruling, the basis for its trial management decision to dismiss Juror #4 after learning of his illness, confirmed in open Court, and to replace him with an alternate so that trial could continue that day (the 30th day of trial), rather than adjourn until Juror #4 could recover and return to service. Nothing presented in Defendant's motion for reconsideration demonstrates an "obvious, clear, unmistakable, manifest, or plain" error by which the court and the parties have been misled, the correction of which would result in a different disposition of the motion. Instead, the motion for reconsideration contains misstatements of fact, some of which are discussed above, that are directly contradicted by the record in this case and by Juror #4's own Affidavit.

Accordingly, Defendant's motion for reconsideration is DENIED.

IT IS SO ORDERED.

                                            s/Paul D. Borman
                                            PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

Dated: March 20, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 20, 2015.

                                            s/Deborah Tofil
                                            Case Manager