UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

CRIM. CASE NO. 11-20314

v.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

JOHN BRAVATA,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO RECUSE JUDGE**

Petitioner was convicted in the U.S. District Court for the Eastern District of Michigan, after a 39 day trial, on 14 counts of aiding and abetting wire fraud in violation of Title 18 U.S.C. §§1343 and 2. The jury also convicted him of conspiring with his son Antonio Bravata to commit fire fraud.

The United States Court of Appeals for the Sixth Circuit affirmed their convictions and John Bravata's sentence. *United States v. Bravata*, 636 Fed. App'x. 277 (2016) (6th Cir., Jan. 22, 2016). The Court of Appeals denied the Bravatas' renewed Motion for New Trial:

> We may quickly disperse of defendants' appeal of the denial of their renewed motion for a new trial. Their new evidence – Juror #4's affidavit – was not material. As we explained above, the affidavit mirrored the trial transcript and the court's explanation of the relevant communications.

*Id.* 21.

1

On October 3, 3016, the Supreme Court denied John Bravata's petition for writ of certiorari; 137 S. Ct. 82. On November 28, 2016, the Supreme Court denied John Bravata's petition for rehearing. 137 S. Ct. 541.

On December 18, 2017, the Sixth Circuit denied Defendant John Bravata's motion "to recall the February 16, 2016 mandate in *United States v. Bravata*, 636 F. App'x 277 (6th Cir. 2016), in which the Court affirmed the denial of his motion for a new trial." The Court of Appeals added:

> He has also moved the district court to vacate his sentence, challenging, in part, counsel's continued representation despite her withdrawal in this court, and he may appeal any adverse decision on that motion.

*Id.*

On August 18, 2017, Defendant filed a "Motion to Recuse Judge pursuant to 28 U.S.C. §§144 and 455. The motion seeks to disqualify this Court "from presiding over the Motion of §2255 herein on the grounds that he has personal bias and prejudice against the Petitioner, Bravata, and therefore could not preside with the required degree of detached impartiality." Dkt. #419, Page ID 9177.

Defendant's Motion to Recuse Judge states, *inter alia*, that " . . . the defendant's sentencing guideline was 60-87 months and the presiding Judge Borman enhanced Petitioner to the Maximum 20 year sentence." This was incorrect.

The Court of Appeals opinion affirming John Bravata's sentence found:

> At sentencing, the court varied down significantly from the guidelines range of 324 to 405 months of imprisonment and

2

imposed a 240 months sentence.

*United States v. John Bravata*, 636 Fed. App'x 277 (6th Cir. 2016) (January 22, 2016) at P.22.

Petitioner makes multiple claims that he says were "raised pre-trial, during trial, the motion the Petitioner presented and filed for judicial misconduct by the presiding Judge Paul Borman after trial."

As to Bravata's multiple claims against his attorneys, the Sixth Circuit opinion held:

> Because Bravata lacked the means to retain an attorney, the court appointed two defense attorneys with white-collar defense experience. During trial preparations, Bravata asked the court to appoint a securities attorney and later asked to represent himself with "assistance of counsel" for procedural matters. The court denied the request for a securities specialist, and Bravata later withdrew his request to proceed pro se.
> 
> . . .
> 
> Bravata's motion was timely, but the other factors weigh against finding an abuse of discretion. During its inquiry into Bravata's substitution request, the court explained that the appointed attorneys are "both experience criminal practitioners and they both engage[] in white collar crime cases." And Bravata admitted "there's nothing wrong with the court-appointed attorneys" other than they were not securities-law specialists, and revealed no conflict or lack of communication that hampered his defense. Without more, we cannot find that the court abused its discretion in refusing to substitute a securities attorney for two experienced white-collar litigators, especially where the court left open the possibility of obtaining an expert to testify regarding the securities business.

*Id.* at 16.

The Sixth Circuit thereafter dealt with Bravata's claims relating to post-conviction counsel:

> Post-conviction conflicts between Bravata and appointed counsel eventually led Bravata to appeal pro se. Because the district court never permitted appointed counsel to withdraw, counsel noticed Bravata's joinder in several motions filed by Antonio in the district court. By accepting these filings, Bravata argues, the court committed misconduct. Bravata directs us to no authority providing that a district court commits misconduct when it accepts counsel's filings when it has not yet permitted counsel to withdraw.

*Id.* at 17.

The Government's Response to Motion for Recusal, contained in Dkt. #427, rejects Defendant's arguments in support of recusal, which were previously rejected in the Sixth Circuit's comprehensive 34 page opinion affirming his conviction and sentence.

Thus, Defendant's Motion, while styled Motion for Recusal, is really a motion for this Court to reconsider the Sixth Circuit opinion of January 22, 2016, affirming his conviction and sentence in this Court, with an added argument for recusal contending that because this Court rejected his requests and claims during the trial and the post-trial motions, this Court exhibited bias an/or prejudice against him.

With regard to 28 U.S.C. §144, Bias or Prejudice of Judge, Courts have held that when a disqualification motion is filed, based on person bias of prejudice, a judge is not required to immediately recuse himself; he must pass on the legal sufficiency of the

4

affidavit forming the factual basis for the party's disqualification motion. *United States v. Corbin*, 827 F.Supp. 2d 26 (D.Me. 2011) (Woodcock, J.).

In *Liteky v. United States*, 114, S. Ct. 1147, 1157 (1994), the Supreme Court, discussing motions for disqualification of a judge under Title 28 U.S.C. §§ 144 and 145, held that judicial rulings alone almost never constitute a valid basis for a bias or partiality motion unless they display a deep-seated favoritism that would make fair judgment impossible.

In the instant case, Defendant John Bravata's justification for recusal is based solely upon legal rulings. Nor do Defendant's claims contained in his non-notarized affidavit support his request for this Court's recusal from ruling on Defendant's Motion of Relief pursuant to 28 U.S.C. §2255.

As the Government correctly states in its Response to this Motion:

> . . . Defendant has not set forth any cognizable facts to show that the Court has a personal bias against him in particular or has a bias in favor of the government in this case. . . . [T]he only bias the defendant can conjure up is based solely on the fact that he has failed to prevail in any of his past conviction proceedings both in the district court and the Sixth Circuit Court of Appeals.

Government Response Dkt. #428, P.5.

The Government added:

> Making allegations of personal bias based on adverse rulings made before, during and post-conviction, which have been tested and rejected on appeal does not support this notion for recusal. No reasonable, objective person would find bias or

prejudice on these allegations. Defendant does not meet the standard set forth in Section 455.

. . .

*Id.* P.6.

The Court concurs with that reasoning.

Accordingly, the Court DENIES Defendant's Motion to Recuse.

SO ORDERED.

DATED: MAY 14 2018

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE